**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **MATTHEW D. CUYLER,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:14-CV-1287-JEC-AJB** |
| **v.** | : | |
| | : | |
| **THE KROGER CO.,** | : | |
| | : | |
| **Defendant.** | : | |

### O R D E R

Plaintiff Matthew D. Cuyler has filed an  Objection to Defendant's Notice of Removal setting forth grounds for remand, which the Court construes as a motion to remand. [Doc. 10].  He asserts that there is a question of this Court's jurisdiction in this matter.  [*See id.*, Doc. 15 at 4-5, 7].  For the reasons herein, the Court **DENIES** Plaintiff's construed motion for remand, [Doc. 10].

### I.    Background

This case was filed in Fulton County Superior Court on March 31, 2014, and removed to this Court on April 30, 2014. [Doc. 1, Doc. 1-1].  Defendant The Kroger Co. then filed a motion to dismiss on May 5, 2014.  [Doc. 5].

On May 16, 2014, Plaintiff filed an Objection to Defendant's Notice of Removal, in which he argued that the case should be remanded because Defendant defaulted,

Defendant violated the removal statutes by failing to timely notify Plaintiff of the removal, and Defendant conspired with the Clerk of Court for Fulton County Superior Court when the Clerk removed the case without entering a judgment of default. [Doc. 10 at 1-2]. On May 30, 2014, Defendant responded that it properly and timely removed the action, that Plaintiff was timely served with all removal papers, and that Plaintiff's complaint is based on questions of federal law. [Doc. 13].

The Court considers its jurisdiction first, then turns to the additional procedural issues raised by Plaintiff.

## II.    Discussion

### A.    Jurisdiction

Pursuant to the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). Original jurisdiction under § 1441 arises if there is a federal question or diversity of parties. *See* 28 U.S.C. § 1441(b); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). The removing defendant has the burden of proving the existence of federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*,

552 F.3d 1290, 1294 (11th Cir. 2008).  In its notice of removal, Defendant asserts both federal-question jurisdiction and diversity jurisdiction.  The Court discusses each of these in turn.

### 1.     Federal-Question Jurisdiction as a Basis for Removal

A federal question exists if a civil action arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute."  *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998).  "To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."  *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1013 (11th Cir. 2003) (same).  Here, Plaintiff has raised claims including violation of the Equal Pay Act of 1963, the Age Discrimination in Employment Act of 1967 ("ADEA"), Title VII of the Civil Rights Act of 1964 (as amended), and 42 U.S.C. § 1981.  [*See* Doc. 1 at 3 (citing Plaintiff's Complaint, Doc.

3

AO 72A
(Rev.8/8
2)

1-1)].  Thus, Plaintiff's complaint presents a federal question that provides a basis for removal.

### 2.   Diversity Jurisdiction as a Basis for Removal

Under 28 U.S.C. § 1332, district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a).  Plaintiff's complaint states that he seeks damages of $1,500,000.00, that he is a citizen of Georgia, and that Defendant is a foreign corporation doing business in Georgia.  [Doc. 1-1 at 5, 7, 19]. Defendant further states in its notice of removal that it is an Ohio corporation with its principal place of business in Cincinnati, Ohio.  [Doc. 1 at 4].   Thus, diversity jurisdiction also provides a basis for removal.

### B.   Procedure Governing Removal

When removal is challenged, the removing party has the burden to show that the removal was proper, or the case must be remanded to the state court.  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  "[U]ncertainties are resolved in favor of remand."  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Defendant shows the Court the following.

AO 72A
(Rev.8/8
2)

Plaintiff initially filed his complaint in state court on March 31, 2014, and the complaint was served on Defendant on April 1, 2014.  [Doc. 1-1, Doc. 13 at 3].  Under O.C.G.A. § 9-11-12(a), "A defendant shall serve his answer within 30 days after the service of the summons and complaint upon him, unless otherwise provided by statute." Thus, Defendant's answer was due in state court on May 1, 2014.

Instead of filing an answer in state court, however, Defendant opted to remove the case to federal court, pursuant to 28 U.S.C. § 1446.  That statute provides that a removing party shall file a notice of removal within the following time frame:

> within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).  Thus, Defendant's notice of removal, in lieu of a state court answer, was due to be filed by May 1, 2014.

As noted, Defendant filed its notice of removal on April 30, 2014.  Defendant's removal was timely.  It was not necessary for Defendant to file an answer in state court because once a defendant removes a case to federal court, the Federal Rules of Civil Procedure govern the case.  *See Smith v. Bayer Corp.*, ---- U.S. ----, ---- n.2, 131 S. Ct. 2368, 2374 n.2 (2011) (noting that "federal procedural rules govern a case

5

that has been removed to federal court"). Moreover, once the notice of removal is filed with the clerk of the state court, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Although Plaintiff asserts that a conspiracy exists between Defendant and the state court clerk because the state court clerk did not enter a judgment of default, there is no indication that the procedure in this case has violated the procedure discussed herein.

As for Plaintiff's contention that he was not timely notified of the removal, Rule 5 of the Federal Rules of Civil Procedure provides that service of a pleading is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(c). Defendant shows that it timely served Plaintiff with the notice of removal and other papers, via United States certified mail, return receipt requested, on April 30, 2014. [Doc. 13-1 at 2-3]. Although Plaintiff has attached a "Sorry We Missed You" document from the United States Post Office dated May 7, 2014, Rule 5 deems service to have been completed on April 30, 2014, upon the *mailing* of the pleading, as opposed to Plaintiff's receipt of the pleading. Therefore, Plaintiff's contention is without merit.

6

## III.    Conclusion

For all of these reasons, the Court concludes that Defendant properly and timely removed this case and that this Court has jurisdiction.  The Court therefore **DENIES** Plaintiff's construed motion for remand, [Doc. 10].[1]

**IT IS SO ORDERED**, this 17th day of June, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

---

[1]     The Eleventh Circuit has not decided whether a magistrate judge can rule on a motion (or construed motion) to remand by order or must report a recommended resolution to a district judge.  Although courts have held that a remand motion is dispositive, the Court agrees with the court in *Franklin v. City of Homewood*, Civil Action No. 07-TMP-006-S, 2007 WL 1804411, at \*1-2 (N.D. Ala. June 21, 2007) (citing cases) that such a motion is non-dispositive.

AO 72A
(Rev.8/8
2)